IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRIGNIA
NORFOLK DIVISION

| | |
|---|---|
| CROFTON DIVING CORPORATION 401K PROFIT SHARING PLAN, An Employee Pension Benefit Plan, by and Through its Plan Administrator, CROFTON DIVING CORPORATION<br><br>and<br><br>CAMILLE CROFTON GOBRECHT, as Trustee of the Crofton Diving Corporation 401K Profit Sharing Plan,<br><br>                            Plaintiffs,<br><br>v.<br><br>ANN BREMUS and<br>JORDAN L. BREMUS,<br><br>                            Defendants. | Civil Action No: _____ |

## COMPLAINT FOR INTERPLEADER

Plaintiffs, Crofton Diving Corporation 401K Profit Sharing Plan ("Plan"), An Employee Pension Benefit Plan, by and through its Plan Administrator, Crofton Diving Corporation and Camille Crofton Gobrecht, as Trustee of the Crofton Diving Corporation 401K Profit Sharing Plan, by counsel, as and for their Complaint for Interpleader against Defendants, Ann Bremus and Jordan L. Bremus, state as follows:

### NATURE OF THE ACTION

1. This is an action in interpleader to determine the appropriate beneficiary entitled to the death benefits, which are available under the Plan, upon the death of Michael Bremus ("Decedent").

2. Pursuant to Plaintiffs' rights to bring an interpleader under Fed. R. Civ. P. 22, Plaintiffs seek to interplead the funds in dispute into the registry of this Court.

3. Plaintiffs also have alternate grounds for bringing this suit under 28 U.S.C. § 1335.

## PARTIES

4. Crofton Diving Corporation, is a corporation organized under the laws of the Commonwealth of Virginia, has its principal place of business in Portsmouth, Virginia and offers the Plan for the benefit of its participating employees. It is also the designated Plan Administrator of the Plan.

5. The Plan, which includes the Retirement Planners & Administrators, Inc. Volume Submitter Plan, the Adoption Agreement, as adopted by Crofton Diving Corporation, any amendments thereto, and any appendix, which is specifically permitted pursuant to the terms of the Plan, is a pension benefit plan within the meaning of 29 U.S.C. § 1002(2)(A), and subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. A copy of the Plan is attached hereto as **Exhibit A.**

6. Camille Crofton Gobrecht is a Trustee of the Plan. See **Exhibit A**, Volume Submitter Plan, pg. 23.

7. As a Trustee of the Plan, Camille is a fiduciary of the Plan as she exercises discretionary authority over the Plan, pursuant to ERISA§ 3(21)(A), 29 U.S.C. §1002(21)(A). Furthermore, according to the Volume Submitter Plan, "named fiduciaries" include "(1) the Employer, (2) the Administrator, and (3) the Trustee…" **Exhibit A**, pg. 58. Thus,

both Crofton Diving Corporation, in its capacity as Plan Administrator and Camille Crofton Gobrecht, in her capacity as Trustee, are designated fiduciaries under the Plan.

8. Decedent was a former employee of Crofton Diving Corporation and a participant under the Plan.

9. Decedent passed away on July 17, 2016, at or near his home in Virginia Beach, Virginia. A copy of his death certificate is attached hereto as **Exhibit B**.

10. Upon information and belief, Defendant, Ann Bremus identifies herself as Decedent's surviving spouse, who resides at 1913 Ashmore Drive, Virginia Beach, Virginia 23454.

11. Upon information and belief, Defendant, Jordan L. Bremus is Decedent's daughter, who resides at 12 Veterans Drive, Woodridge, New Jersey 07075.

## Jurisdiction and Venue

12. This action arises under Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

13. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because it presents a federal question as the claim arises under the laws of ERISA.

14. This suit arises under the civil enforcement provisions of ERISA § 502(a)(3), as codified in 29 U.S.C. § 1132(a)(3) as it is brought by the fiduciaries to enjoin any act or practice, which would violate any provision of the subchapter or the terms of the Plan and obtain appropriate equitable relief in the form of this interpleader.

15. Pursuant to ERISA § 502(e)(1) and(f), as codified in 29 U.S.C. § 1132(e)(1) and (f), this Court has subject matter jurisdiction over this action.

16. Therefore, under the Fed. R. Civ. P. 22, this Court can exercise its jurisdiction.

17. This Court also has original jurisdiction over the case at bar pursuant to 28 U.S.C. § 1335 for the following reasons:

   a. There are two adverse claimants, as either Defendant has or may have a claim to the death benefits available under the Plan;

   b. The claimants are citizens of different states for purposes of 28 U.S.C. § 1332;

   c. The death benefits are subject to the direction and control of the fiduciaries and are within their custody; and

   d. The death benefits are valued over $419,000.00[1] (amount in controversy), and Plaintiffs intend to deposit this sum with the registry of this Court.

   e. Furthermore, Plaintiffs *aver* that they are a disinterested stakeholders without any claim to the funds.

18. Pursuant to ERISA § 502(e)(2), as codified in 29 U.S.C. §1132(e)(2), the Norfolk Division of the Eastern District of Virginia is the appropriate venue, because the Plan is administered in Portsmouth, which is a division within this district and the Decedent resided in Virginia Beach, Virginia, which is also within the division.

## Factual Background

19. On or about September 30, 2003, Decedent designated his daughter, Jordan L. Bremus as the beneficiary under the Plan at his death. A copy of the designation form is attached hereto as **Exhibit C**.

20. Subsequently, on May 14, 2011 Decedent married Ann Bremus. A copy of the marriage certificate is attached hereto as **Exhibit D**.

---

[1] As of the date of Decedent's death.

21. As a Participant under the Plan, upon his death, a portion of the Decedent's vested interest in the Plan, subject to certain limitations, was to become payable to his beneficiary. See **Exhibit A**, Volume Submitter Plan, Article VI, Section 6.2(b).

22. At the time of his death, the designated beneficiary under the Plan was his daughter Jordan L. Bremus. **Exhibit C**.

23. At the time of his death, the marital status on the beneficiary form was "single." **Exhibit C**.

24. According to Decedent's death certificate his marital status was "separated" with the spouse listed as "Ann Bremus." **Exhibit B**.

25. As of the date of his death, the death benefits under the Plan were valued at approximately $419,000.00. A copy of the account statement is attached hereto as **Exhibit E**.

## CLAIM FOR RELIEF

26. On or about September 27, 2016, Defendant Ann Bremus submitted a claim for benefits under the Plan.

27. On or about September 30, 2016, Defendant, Jordan L. Bremus indicated that she was the beneficiary under the Plan.

28. On or about November 15, 2016, Defendant, Ann Bremus filed a complaint in the Portsmouth Circuit Court (Case No. CL16003385-00) alleging that Crofton Diving Corporation and Camille Crofton Gobrecht, in her individual capacity, breached their fiduciary duties to her, and requested damages in the amount of $420,000.00 in addition to attorney's fees and costs, claiming entitlement to the entire death benefits available under the Plan. A copy of the Complaint without exhibits is attached hereto as **Exhibit F**.

29. According to the Complaint, Defendant, Ann Bremus contended that she was the proper beneficiary under the Plan, as the Participant's surviving spouse, pursuant to the terms of the Plan. Complaint ¶ 11.

30. According to Defendant, Ann Bremus, "the Plan's Summary Plan Description, states that if you are married at the time of your death, your spouse will be the beneficiary of the entire death benefit unless an election is made to change the beneficiary." Complaint ¶ 11.

31. However, Decedent named Jordan L. Bremus as his beneficiary, prior to his marriage to Ann Bremus and never amended his beneficiary designation form.

32. On or about, December 7, 2016, Crofton Diving Corporation and Camille Crofton Gobrecht, in her individual capacity, moved to dismiss the case and remove it to Federal Court.

33. This motion is currently pending in this Court under Federal Case No.: 2:16-cv-00700-AWA-RJK.

34. Plaintiffs, as provided above, are subject to competing claims for the death benefits by the above named beneficiaries.

35. Based upon the competing claims for benefits, the inconsistencies between the Plan terms and the beneficiary designation form, Plaintiffs are unable to determine the proper beneficiary under the Plan, and ask this Court to decide.

36. Assuming, *arguendo,* that Plaintiffs distributed the benefits to Defendant Ann Bremus, it is possible that Defendant Jordan L. Bremus, could also have a cause of action against Plaintiffs for their failure to pay the proceeds to Decedent's designated beneficiary.

37. Thereby, Plaintiffs desiring to avoid a multiplicity of suits, continuing liability, and the possibility of double indemnity, seek to deposit the amount in dispute with this Court.

38. Upon a separate motion and pursuant to Fed. R. Civ. P. 67, Plaintiffs will seek leave of court to deposit with the registry of this Court the sum of Four Hundred and Nineteen Thousand and Three and 20/100 Dollars ($419,003.20) (the "Funds"), which represents the full amount due and owing under the Plan, pending the final judgment of this Court.

39. Plaintiffs believe that each of the Defendants has or may have a claim to some of the Funds, and Plaintiffs represent that they do not have any claim or interest in the Funds.

40. Therefore, Plaintiffs seek equitable relief, pursuant to 29 U.S.C. § 1132(a)(3), which includes a determination of the proper beneficiary entitled to the Funds and discharges Plaintiffs from liability arising out of or in connection to their distribution of the Funds.

41. As a result of the institution of this civil action and the preceding civil action as well as any others that may arise, Plaintiffs have retained and continue to retain legal counsel.

42. Plaintiffs have retained the firm of Wolcott Rivers Gates, and have paid and continue to pay the firm for its assistance and participation in this action including, but not necessarily limited to, reasonable attorneys' fees, court costs, and incidental expenses.

43. Plaintiffs *aver* that pursuant to 29 U.S.C. § 1132(g)(1), they should be reimbursed for the aforementioned expenses, with the expectation that these expenses be deducted from the Funds deposited with this Court, and Plaintiffs hereby claim these sums, upon entry of this Court's Order.

WHEREFORE, Plaintiffs pray that this Honorable Court will ORDER, ADJUDGE, DECREE and DECLARE:

1. Plaintiffs will be granted entry of an Order, pursuant to Fed. R. Civ. P. 67, to tender the Funds to the Clerk of this Court, for the Clerk to deposit into an interest bearing account and the Clerk will accept from Plaintiff the sum of $419,003.20, less reasonable attorneys' fees as determined by the Court and costs, which is to be paid to Wolcott Rivers Gates for their representation of the fiduciaries, pursuant to 29 U.S.C. § 1132(g)(1);

2. Defendants will be required to interplead and litigate their claims to the Funds;

3. The Defendants, individually and collectively, will be, RESTRAINED and ENJOINED from instituting or prosecuting any other suit, action, or proceeding against Plaintiffs, including but not limited to their parents, affiliates, subsidiaries, officers, directors, shareholders, agents, employees, heirs, executors, plan administrators, claim administrators, administrators, successors and assigns, and attorneys, in any state or Federal Court relating to the Funds or their disposition outside of this civil action;

4. With the deposit of the Funds into the registry of this Court, Plaintiffs, including but not limited to their parents, affiliates, subsidiaries, officers, directors, shareholders, agents, employees, heirs, executors, plan administrators, claim administrators, administrators, successors and assigns, and attorneys, will be dismissed from this suit with prejudice, and are forever discharged from any and all liability to the Defendants, including without limitation, any of their heirs, descendants, successors and assigns, individually and/or collectively, for any claim, demand, action or cause of action arising out of or relating to the Funds or their disposition; and

5. This honorable Court will award them such further relief as may be appropriate.

Dated: December 21, 2016

                      Respectfully Submitted,

                      CROFTON DIVING CORPORATION
401K PROFIT SHARING PLAN, An
Employee Pension Benefit Plan, by and
Through its Plan Administrator, CROFTON
DIVING CORPORATION, and
CAMILLE CROFTON GOBRECHT, as
Trustee of the Crofton Diving Corporation
401K Profit Sharing Plan,

_____
Samuel W. Meekins, Jr., Esquire
VA Bar No. 19682
Edward Wolcott, Esquire
VA Bar No. 22035
Danielle N. Jarvis, Esquire
VA Bar No. 87665
WOLCOTT RIVERS GATES
Convergence Center V
200 Bendix Rd., Suite 300
Virginia Beach, Virginia 23452
Phone: (757) 497-6633 Telephone
Fax: (757) 497-7267 Facsimile
meekins@wolriv.com
wolcott@wolriv.com
djarvis@wolriv.com
*Counsel for* CROFTON DIVING
CORPORATION 401K PROFIT SHARING
PLAN, An Employee Pension Benefit Plan,
by and Through its Plan Administrator,
CROFTON
DIVING CORPORATION, and
CAMILLE CROFTON GOBRECHT, as
Trustee of the Crofton Diving Corporation
401K Profit Sharing Plan

## CERTIFICATE OF SERVICE

I hereby certify that on the _21_ day of December, 2016, a true copy of the forgoing Complaint was filed electronically with the Clerk of Court and was sent first class mail, postage prepaid to the following:

Matthew J. Weinberg, Esquire
VA Bar No. 88664
Gunther Law Group
4646 Princess Anne Road, Suite 101
Virginia Beach, VA 23462
(757) 671-3352 Telephone
(757) 671-3353 Facsimile
*Counsel for Defendant Ann Bremus*

Arnold Abrons, Esquire
ABRONS, CHIUSANO & SCEVIOUR, P.L.L.C.
760 Lynnhaven Parkway, Suite 140
Virginia Beach, Virginia 23452
(757) 664-6789 Telephone
(757) 644-6724 Facsimile
abrons@acs-lawva.com
*Counsel for Defendant Jordan L. Bremus*

_____
Samuel W. Meekins, Jr., Esquire
VA Bar No. 19682
Edward Wolcott, Esquire
VA Bar No. 22035
Danielle N. Jarvis, Esquire
VA Bar No. 87665
WOLCOTT RIVERS GATES
Convergence Center V
200 Bendix Rd., Suite 300
Virginia Beach, Virginia 23452
Phone: (757) 497-6633 Telephone
Fax: (757) 497-7267 Facsimile
meekins@wolriv.com
wolcott@wolriv.com
djarvis@wolriv.com
*Counsel for* CROFTON DIVING
CORPORATION 401K PROFIT SHARING
PLAN, An Employee Pension Benefit Plan,

by and Through its Plan Administrator, CROFTON DIVING CORPORATION, and CAMILLE CROFTON GOBRECHT, as Trustee of the Crofton Diving Corporation 401K Profit Sharing Plan